IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC L. WAYNE,<br><br>　　　　　Petitioner,<br><br>　vs.<br><br>THOMAS FELKER, Acting Warden, et al.<br><br>　　　　　Respondents. | Case No. 2:03-cv-02437 JKS DAD<br><br><br>ORDER |

　　　　Petitioner, a state prisoner proceeding pro se, has filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262.

　　　　On October 19, 2007, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within twenty days.  On October 26, 2007, Petitioner filed a document which this Court will construe as Petitioner's objections.

　　　　In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 72-304, this Court has conducted a *de novo* review of this case.  Having carefully reviewed the entire file, the Court finds the findings and recommendations to be supported by the record and by proper analysis.

　　　　Petitioner's pleading, construed as objections to the findings and recommendations, make essentially three assertions:  (1) that the out-of-court statements of  Stephanie M. should not have been admitted because she was in fact available to testify; (2) that his conviction for robbery resulted in double jeopardy; and (3) that his appellate counsel rendered ineffective assistance.

1

First, the Court agrees with the magistrate judge and the state appellate court that the availability of Stephanie M. to testify was irrelevant.[1]  The recording of the 911 call and the statement given to Officer Welch fall comfortably into the firmly rooted hearsay exception for spontaneous declarations.  As unavailability of the declarant is immaterial to this exception, Petitioner's objection on this point is irrelevant.  *See White v. Illinois*, 502 U.S. 346, 355-56 (1992).  As to the one statement that does not qualify as a spontaneous declaration, the magistrate judge correctly concluded that its admission was harmless because it was cumulative of the two properly admitted spontaneous declarations.

Second, the Court declines to address Petitioner's claims regarding double jeopardy and ineffective assistance of counsel as they are being raised for the first time in Petitioner's objections to the findings and recommendations.  *See Greenhow v. Sec'y of Health and Human* Servs., 863 F.2d 633, 638-39 (9th Cir. 1988) (barring exceptional circumstances, a district court properly refuses to consider an issue raised for the first time in objections to a magistrate judge's report), *overruled on other grounds by United States v. Hardesty*, 977 F.2d 1347, 1348 (9th Cir. 1992).

Finally, the Court declines to issue a Certificate of Appealability ("COA").  28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (a COA should be granted where the applicant has made "a substantial showing of the denial of a constitutional right," i.e., when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further" (internal quotation marks and citations omitted)).  All federal constitutional issues, to the extent they were not procedurally defaulted, were addressed by the California Court of Appeals and deemed addressed by the California Supreme Court on direct appeal, and no reasonable jurist could find that those decisions were "objectively unreasonable."

---

[1] The magistrate judge correctly noted that Petitioner's confrontation clause objections are governed by the standard set forth in *Ohio v. Roberts*, 448 U.S. 56, 66 (1980).  As the bar on out-of-court statements of a testimonial nature established by *Crawford v. Washington*, 541 U.S. 36 (2004), is not retroactive, it does not apply.  *See Winzer v. Hall* , 494 F.3d 1192, 1196-98 (9th Cir. 2007).

ORDER

Any further request for a Certificate of Appealability must be addressed to the Court of Appeals. *See* Fed. R. App. P. 22(b); Ninth Circuit R. 22-1.

      Accordingly, **IT IS HEREBY ORDERED** that:

1. The findings and recommendations filed October 19, 2007, are adopted in full;
2. Petitioner's application for a writ of habeas corpus is denied;
3. Petitioner's request for appointment of counsel is denied as moot; and
4. The Clerk shall enter judgment for Respondent accordingly.

Dated this the 1st day of February 2008.

                      /s/ James K. Singleton, Jr.
                      **JAMES K. SINGLETON, JR.**
                      United States District Judge

ORDER